UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ALDEN BELLOW AND ARLENE BELLOW | DOCKET NO.: |
| VERSUS | JUDGE: |
| CHENIER ENERGY, INC., CHENIER LNG O&M SERVICES, LLC UNITED RENTALS, INC. | MAG. JUDGE: |

## ORIGINAL COMPLAINT

The complaint of ALDEN BELLOW and ARLENE BELLOW, a married couple who are both residents of Evangeline Parish, Louisiana respectfully represents that:

1.

Made defendants herein are:

1) **CHENIER ENERGY, INC.**, (hereinafter "Chenier") a foreign corporation whose principal place of business in Louisiana in Orleans Parish; who may be served through its registered agent for service of process, Dan A. Turkleson, 717 Texas Ave. Ste. 3100, Houston, Texas 77002; and

2) **CHENIER LNG O&M SERVICES, LLC**, (hereinafter "Chenier") a foreign corporation whose principal place of business in Louisiana is East Baton Rouge Parish, who may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana, 70802; and

3) **UNITED RENTALS, INC.,** a foreign corporation whose principal place of business in Louisiana is East Baton Rouge Parish, who may be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana, 70802.

who are all justly and truly indebted, unto complainant herein, jointly and in solido, for the reasons set forth below:

2.

This is an action for damages as a result of a tent collapse which occurred on August 16, 2015 in Cameron Parish, Louisiana.

3.

Jurisdiction is based on Diversity of Citizenship under 28 USC § 1332.  At all times, petitioners, Alden and Arlene Bellow, have been citizens of the State of Louisiana.  At all times, defendant, Chenier Energy, Inc. has been incorporated in Delaware and has its principal place of business in the State of Texas.  At all times, defendant, Chenier LNG O&M, LLC, has been incorporated in Delaware and has its prinicpal place of business in the state of Texas.  At all times, defendant, United Rentals Inc., has been incorporated in the State of Texas and has its principal place of business in the State of Connecticut.  Upon information and belief, the amount of controversy exceeds the jurisdictional limits of $75,000 exclusive of interest and costs.

The matters which are described here in have taken place, in whole or in part, either conceived, carried out or made effective within the Western District of Louisiana.  The defendants herein carry on or transact business within this District.

4.

On August 16, 2015, Alden Bellow and Arlene Bellow were invited to attend a family outing day sponsored by Chenier at its Sabine Pass plant location.  Plaintiffs' son was an employee at the Chenier facility.  The family outing was held under a large tent which was rented to Chenier by defendant, United Rental, Inc.  That afternoon the plaintiffs were taken on a tour bus to tour the Chenier plant facility.  While touring the plant in the bus, severe weather conditions were moving into the plant area from the West.  By the time the bus arrived back at the plant weather conditions had worsened.  The Chenier tour bus operator had a walkie talkie but it was not functioning.  When the bus arrived at the tent, the Chenier tour bus operator let people off of the bus including plaintiffs.  Shortly after people were let off the bus, wind gusts caught the large tent and caused it to collapse onto the people standing underneath it.  Plaintiff, Alden Bellow, was standing under the tent when it collapsed and the tent wrapped around his body.  The wind continued to whip the tent with Alden Bellow wrapped inside the canvas.  The flapping tent whipped Alden Bellow up and down and back and forth causing him to suffer severe and disabling injuries.  While this was

occurring, Arlene Bellow was in the bathroom. When she returned from the bathroom, she frantically searched for her husband and the rest of her family. Arlene Bellow saw the injuries suffered by her husband and family immediately after they had occurred. Plaintiffs allege that the collapsed tent was caused by the negligence of the defendants and the defects in the tent which was under the custody and garde of defendants.

5.

The negligence of the defendants was caused by agents, servants, and/or employees of defendants in that the said agents, servants and/or employees:

a) Failed to monitor the weather and cancel this family outing day before it began because defendants knew or should have known about the unsafe weather conditions forecast for the day of the event; and

b) Failing to monitor the weather conditions after the family outing day began and to take action to protect invitees on the property from unsafe weather conditions occurring that day; and

c) Failing to properly train employees on steps to be taken to ensure the safety of guests invited to the family outing day from hazards associated with bad weather;

d) Failing to take steps to ensure the safety of guests invited to the family outing from hazards associated with bad weather; and

e) Failing to provide properly functioning communication equipment so that event staff could adequately monitor weather conditions and make informed decisions on how to protect invited guests from unsafe weather conditions; and

    f)     Failing to ensure the use of an outdoor tent that could safely withstand storm conditions; and

    g)     Failing to provide an alternative building to secure invited guests in the event that worsening weather conditions would expose invited guests to risk of harm from being forced to ride out a severe storm under a tent; and

    h)     Failing to secure the tent so that it could withstand storm conditions without collapsing on people in the tent; and

    i)     Failing to properly plan for emergency weather conditions;

    j)     Failing to provide reasonable emergency response procedures for people injured in a company sponsored event occurring on company property; and

    k)     Failing to take other reasonable steps to prevent the accident sued upon.

6.

As a further and alternative ground for relief, plaintiff asserts a cause of action for liability pursuant to Louisiana Civil Code Articles 2317.1 and 2322. It is alleged that defendant owned and/or had custody of the tent building which collapsed and that defendants knew or should have known of the ruin, vices or defects in the tent building which caused it to collapse.

7.

By reason of said fault which resulted in Plaintiff's injuries, Alden Bellow, has suffered numerous physical injuries including but not limited to injuries to his sternum, cervical spine, ruptured spleen, injury to his leg and ankle, lacerations and

bruising, injuries to his tongue and a broken tooth, loss of consciousness, concussion, and a potential closed head injury. In addition to his physical injuries, plaintiff is suffering from severe emotional distress since this accident including re-occurring nightmares, depression, moodiness, forgetfulness, and changes in his personality. Alden Bellow believed he was going to die from the trauma he experienced on August 16, 2015. Additionally, he suffered emotional distress from witnessing his son and daughter-in-law get trapped in the tent which collapsed.

8.

By reason of said fault which resulted in his injuries, Alden Bellow has suffered both physical and emotional pain and suffering; has suffered loss of enjoyment of life; has lost and will continue to lose earnings and loss of future earning capacity; has had to incur medical expenses and will have to incur future medical expenses; has suffered loss of society and services, Lejeune damages, all to his detriment, in the amount of THREE MILLION DOLLARS ($3,000,000).

As a result of injuries to Alden Bellow, Arlene Bellow has suffered loss of Consortium damage including loss of love and affection, loss of society and companionship, impairment or sexual relations, loss of performance of material services, loss of financial support, loss of aid and assistance and loss of felicity. Additionally, Arlene Bellow has suffered Lejeune damages from witnessing injuries

to her husband, son and daughter-in-law immediately after these injuries occurred. Arlene Bellow alleges the amount of her damages to be TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000).

9.

Plaintiffs are entitled to and do hereby request trial by jury on all issues so triable.

WHEREFORE, COMPLAINANT, ALDEN BELLOW, prays that there be judgment herein in his favor and against the defendants, CHENIER ENERGY, INC., CHENIER LNG O&M SERVICES, LLC, and UNITED RENTALS, INC., jointly and in solido, in the amount of THREE MILLION DOLLARS ($3,000,000.00), together with legal interest from the date of injury until paid and for all costs of these proceedings, including witness fees and expenses.

WHEREFORE, COMPLAINANT, ARLENE BELLOW, prays that there be judgment herein in his favor and against the defendants, CHENIER ENERGY, INC., CHENIER LNG O&M SERVICES, LLC, and UNITED RENTALS, INC., jointly and in solido, in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), together with legal interest from the date of injury until paid and for all costs of these proceedings, including witness fees and expenses.

COMPLAINANT FURTHER PRAYS for process in due form against

defendants, CHENIER ENERGY, INC., CHENIER LNG O&M SERVICES, LLC, and UNITED RENTALS, INC., for trial by jury and for all general and equitable relief.

       RESPECTFULLY SUBMITTED:

       MORROW, MORROW, RYAN & BASSETT


    BY:  s/James P. Ryan
       JAMES P. RYAN (#11560)
       PATRICK C. MORROW (#09748)
       Post Office Drawer 1787
       Opelousas, LA 70571
       E-Mail: JamesR@mmrblaw.com
       Telephone: (337) 948-4483
       Fax: (337) 942-5234
       Attorneys for **ALDEN BELLOW AND ARLENE BELLOW**