UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ALDEN BELLOW, ET AL          DOCKET NO.: 6:16-CV-00614

VERSUS          JUDGE ROBERT G. JAMES

SABINE PASS LNG, LP, ET AL          MAG. JUDGE: CAROL B. WHITEHURST

**************************************************************************

## ANSWER AND CROSS-CLAIM OF SABINE PASS LNG, LP, SABINE PASS LIQUEFACTION, LLC AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

NOW INTO COURT, through undersigned counsel, comes SABINE PASS LNG, LP, SABINE PASS LIQUEFACTION, LLC and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("NUFIC") ("Defendants") who, for answer to Plaintiffs' Third Supplemental and Amending Complaint aver that:

1.

The allegations of Paragraph I of Plaintiffs' Third Supplemental and Amending Complaint require neither an affirmative or negative reply on behalf of Defendants, but insofar as it may be deemed necessary, the allegations are denied.

2.

In response to the allegations of Paragraph II of Plaintiffs' Third Supplemental and Amending Complaint, Defendants admit that NUFIC is a foreign insurer authorized to do business in Louisiana. For lack of sufficient information to form a belief therein, all other allegations of Paragraph II are denied.

3.

In response to the allegation of Paragraph III of Plaintiffs' Third Supplemental and Amending Complaint, Defendants admits NUFIC issued certain policies or a policy of insurance. The remaining allegations contained in Paragraph III of Plaintiffs' Third Supplemental and Amending Complaint constitute legal conclusions to which no response is required. To the extent that a response may be deemed necessary, the allegations are denied.

4.

The allegations of Paragraph IV of Plaintiffs' Third Supplemental and Amending Complaint are denied.

5.

The allegations of Paragraph V (misnumbered as VII) of Plaintiffs' Third Supplemental and Amending Complaint require neither an affirmative or negative reply on behalf of Defendants, but insofar as it may be deemed necessary, the allegations are denied.

6.

NUFIC expressly re-alleges and re-avers all answers, defenses, denials, claims and pleadings filed by or on behalf of SABINE PASS LNG, LP and SABINE PASS LIQUEFACTION, LLC in this matter, as if copied here *in extenso*.

7.

SABINE PASS LNG, LP and SABINE PASS LIQUEFACTION, LLC expressly re-allege and re-aver all answers, defenses, denials, claims and pleadings filed by or on their behalf in this matter, as if copied here *in extenso*.

8.

Defendants pray for trial by jury on all issues.

### CROSS-CLAIM ON BEHALF OF SABINE PASS LNG, LP AND SABINE PASS LIQUEFACTION, LLC AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

1.

Made Cross-Claim Defendant herein is:

**AAA RENTALS/AAA PARTY SUPPLY, INC.**, (hereinafter referred to as "AAA RENTALS" or "Cross-defendant") is a foreign Texas corporation.

2.

SABINE PASS LNG, LP, SABINE PASS LIQUEFACTION, LLC, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA have been named as Defendants in the above captioned matter.

3.

Cross-Defendant, AAA RENTALS was also named as a Defendant in the above captioned matter.

4.

Plaintiffs filed their complaint on May 4, 2016 against Defendants to recover damages for personal injuries allegedly sustained on or about August 16, 2015, all as is more fully shown by reference to Plaintiffs' Original and Supplemental and Amending Complaints, to which reference is made for the limited purpose of setting forth the nature of the claim, the basis of contended responsibility of Defendants, and the alleged damages of Plaintiffs.

5.

Cross-claimants have filed an answer denying any and all liability to the Plaintiffs for the principal demand.

6.

At all pertinent times hereto, there was in full force and effect a contract between Sabine and AAA Rentals, which requires AAA Rentals to protect, defend and indemnify Sabine from and against all claims resulting from rental of the subject tent.

7.

Sabine has tendered its entire defense to AAA Rentals, and despite the provisions of the contract, AAA Rentals has refused to honor the indemnity agreement and to defend Sabine, for which Sabine is entitled to recover over and against AAA Rentals any and all sums to which it may be held responsible in judgment or may pay in settlement, and additionally, all attorney's fees and costs of defending against the claim forming the subject matter of this suit.

8.

Cross-claimants aver that, if any damages were sustained as alleged by Plaintiffs, said damages were not caused or contributed to by any negligence, strict liability, want of due care, or other legal fault on the part of Cross-claimants or those for whom Cross-claimants are or may be responsible, but on the contrary, were caused by the negligence, strict liability, want of due care, or other legal fault of a third party and/or Cross-defendant, in a number of respects which will be shown at the trial of this cause.

9.

Alternatively, in the event that Cross-claimant is held responsible to the Plaintiffs, then Cross-claimant is entitled to complete indemnity from Cross-defendant herein for any loss that it may sustain in this matter, including all costs, attorney's fees, and/or judgments which might be rendered against it, in that Cross-claimant's liability and/or fault would be based on its merely passive, secondary, and/or technical conduct, and would arise as the proximate result of the primary, active, and real conduct of Cross-defendant, AAA Rentals.

10.

In the alternative, Cross-claimants allege that the negligence of Cross-defendant constituted a contributory proximate cause of the alleged accident in question, and accordingly, Cross-claimant is entitled to contribution or apportionment of damages commensurate with the degree of responsibility of the various contributing parties.

11.

Cross-claimants have incurred and will incur costs, expenses and attorney's fees in its investigation of the defense of this action, and additional costs, expenses, and attorney's fees which may be incurred in the future. Cross-claimants may suffer liabilities herein for the acts or the failure to act of the Cross-defendant herein, as foresaid. Cross-claimants pray this Honorable Court for leave upon ascertaining said costs, expenses, and attorney's fees, and of other such possible liabilities, to amend its Cross-complaint to allege the correct amounts, and prove said amounts according to proof.

12.

An actual controversy now exists between Cross-claimants and Cross-defendant, and each of them, concerning their respective rights and duties. Cross-claimants contend that they are entitled to be indemnified by Cross-defendant for the full amount of any loss suffered or judgment paid by them in this action and for costs, expenses, attorney's fees, or other expenses which have been or will be in the future incurred as a result of Cross-defendant's conduct which resulted in Cross-claimant having to defend this action.

WHEREFORE, all premises considered, Defendants pray that their Answer to Plaintiffs' Third Supplemental and Amending Complaint be deemed good and sufficient, that Plaintiffs' demands are rejected, and the Plaintiffs' suit be dismissed with full prejudice at Plaintiffs' cost.

Cross-claimants, SABINE PASS LNG, LP, SABINE PASS LIQUEFACTION, LLC, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA pray for Judgment in their favor and against Cross-defendant, AAA RENTALS/AAA PARTY SUPPLY, INC., for all sums for which it may be held responsible in Judgment or may pay in settlement to the Plaintiffs, and reasonable attorney's fees and expenses, plus interest, and for such other, further and different relief which may be necessary and proper, and as the justice of the cause may require and permit.

Alternatively, Cross-claimants, SABINE PASS LNG, LP, SABINE PASS LIQUEFACTION, LLC AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA pray for judgment in their favor and against Cross-defendant, AAA RENTALS/AAA PARTY SUPPLY, INC., for full indemnification plus attorney's fees, expenses and costs, or in the alternative, for apportionment of damages in keeping with the degree of responsibility as determined by the Court for each of the respective parties, and for such other, further and different relief as may be necessary and proper and as the justice of the cause may require and permit.

Defendants further pray for trial by jury on all issues.

                Respectfully submitted,

                PREIS PLC
                (A Professional Law Corporation)

BY:   */s/ Edwin G. Preis, Jr.*
       EDWIN G. PREIS, JR. (#10703)
       102 Versailles Boulevard, Suite 400
       Post Office Drawer 94-C
       Lafayette, Louisiana 70509
       Telephone: 337.237.6062
       epreis@preisplc.com

*Counsel for SABINE PASS LNG, LP, SABINE PASS LIQUEFACTION, LLC, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that that on this 11th day of August, 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                */s/ Edwin G. Preis, Jr.*
                EDWIN G. PREIS, JR.

#1794003